IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STÖBICH FIRE PROTECTION SYSTEMS, LP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 14-802-LPS |
| | : | |
| SMOKE GUARD, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order. (D.I. 2) For the reasons below, Plaintiff's motion is DENIED.

1.  Plaintiff Stöbich Fire Protection Systems LP ("Plaintiff") filed this lawsuit alleging that Defendant Smoke Guard, Inc. ("Defendant") has violated Sections 7(a)(iii) and 7(b)(ii) of the Distribution Agreement (dated June 1, 2010) between the parties (the "Agreement"), and, separately, the Delaware Uniform Trade Secrets Act, 6 *Del. C.* § 2001 *et seq.* (D.I. 1) Yesterday, June 24, 2014, Plaintiff filed a motion for temporary restraining order, requesting that Defendant be restrained from selling, distributing, marketing, or promoting certain new products in violation of the Agreement and the Delaware statute. Plaintiff requested extraordinarily expedited treatment of its motion, seeking resolution prior to the beginning of the American Institute of Architects (AIA) National Convention in Chicago, Illinois, which starts tomorrow, June 26. (D.I. 2) Plaintiff further believes that Defendant intends to begin selling the new products on July 1, 2014. (D.I. 4 at 2) The Court ordered and received letter briefs from the

parties today. (D.I. 7, 8)

2. Pursuant to Federal Rule of Civil Procedure 65, the Court has discretion to decide whether to grant the requested extraordinary relief. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) ("Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances.") (internal quotation marks omitted). A party seeking a temporary restraining order must show: (1) "a reasonable probability of success on the merits;" (2) "the movant will be irreparably injured by denial of the relief;" (3) "granting preliminary relief will [not] result in even greater harm to the nonmoving party;" and (4) "granting the preliminary relief will be in the public interest." *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999).

3. Plaintiff has failed to show a likelihood of success on the merits. It appears likely that the non-compete provision on which Plaintiff relies (Section 7(a)(iii)) expired with the termination of the Agreement, as this provision (unlike others in the Agreement) contains no survival clause. As for the trade secret claims (based on alleged violations of Section 7(b)(ii) of the Agreement as well as Delaware statute), the Court does not find a likelihood of success given Plaintiff's failure to identify with specificity one or more trade secrets to which Defendant had access and could have misused. *See generally IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583-84 (7th Cir. 2002) (stating plaintiff "must demonstrate that [trade secret] is valuable, not known to others who might profit by its use, and has been handled by means reasonably designed to maintain secrecy").

4. With regard to irreparable harm, the record the Court has been provided of the parties' pre-suit correspondence shows that Defendant made clear at least many months ago its

views with respect to expiration of the non-compete provision in the Agreement and its belief that it had not been provided access to any specific trade secret belonging to Plaintiff. (*See* D.I. 7 Exs.)[1] In this context, especially given the timing of the lawsuit and the motion, the Court finds no persuasive basis to conclude that any harm Plaintiff will suffer in the absence of a TRO would be irreparable.

5.  On balance of the harms, Plaintiff again fails to persuade the Court. The lack of irreparable harm to Plaintiff is outweighed by the harm that would be caused to Defendant from entry of the requested TRO, which would disrupt Defendant's planned display at the AIA convention tomorrow and interfere with Defendant's marketing plans. Particularly given that Plaintiff appears to have had some notice well before yesterday of at least a significant portion of Defendant's plans, the balance of harms disfavors granting a TRO.

6.  Finally, the public interest disfavors relief as well. In the extremely short time Plaintiff has given the Court to decide its motion, Plaintiff has failed to show that the public interest supports immediate judicial intervention in the parties' competitive relationship in the manner proposed by Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (D.I. 2) is DENIED.

---

[1] Plaintiff's failure to identify any specific trade secrets to which Defendant had access is compounded by the fact that many of the technical documents Plaintiff generally points to (e.g., "test reports") appear to contain information that was already publically disseminated. (*See* D.I. 7 at 5 n.1)

3

Wilmington, Delaware  
June 25, 2014

_____
UNITED STATES DISTRICT JUDGE